UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In the Matter of the Application of
TRI-BUILT CONSTRUCTION, INC.,

(WHP)

                        Plaintiff,

       -against-

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY FUND,
and NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Richard Harding, Jr., and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

                        Defendants.

------------------------------------------------------------------X

05 Civ. 0694

**MEMORANDUM
OF LAW**

**TABLE OF CONTENTS**

Page(s)

**TABLE OF AUTHORITIES** .................................................................................. ii

**PRELIMINARY STATEMENT** ..............................................................................1

**FACTS**..........................................................................................................................1

**POINT I**

**REMOVAL OF TRI-BUILT'S
STATE COURT ACTION TO
STAY ARBITRATION WAS PROPER**..............................................................3

**POINT II**

**ARBITRATION MUST BE COMPELLED**........................................................4

1. Tri-Built is Signatory to the
   Collective Bargaining Agreement...................................................................6

2. The Grievance/Arbitration Clause
   is a Broad One Governing all Disputes..........................................................6

**POINT III**

**BENEFIT FUNDS' STATE COURT
FRAUD ACTION AGAINST INDIVIDUALS
DOES NOT PRECLUDE ARBITRATION
IN SEPARATE PROCEEDING**...........................................................................8

**CONCLUSION**......................................................................................................10

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(s)**

Dean Witter Reynolds, Inc. v. Byrd,
470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d. 158 (1985)..........................9, 10

Denihan v. Denihan, 34 N.Y.2d 307,
313 N.E.2d 759, 357 N.Y.S.2d 454 (1974)........................................8, 9

Dewitt Nursing Home v. Local 144,
1997 WL 166485 (S.D.N.Y. 1997).....................................................7

First Fidelity Bancorporation v.
Nat'l Union Fire Insurance Co. of Pittsburgh,
1990 WL 167642 (E.D.Pa. 1990)...................................................9, 10

International Ass'n of Machinists and Aerospace Workers, AFL-CIO
v. General Electric Co.,
406 F.2d 1046 (2d Cir. 1968)..........................................................5

International Union of Elevator Constructors, AFL-CIO
v. National Elevator Industry, Inc.,
772 F.2d 10 (2d Cir. 1985)...............................................................5

Lippus v. Dahlgren Mfg. Co.
644 F. Supp 1473 (E.D.N.Y. 1986)...................................................9

Mic-Ron General Contractors, Inc. v.
Trustees of the New York City District Council of Carpenters Benefit Funds,
908 F. Supp. 208 (S.D.N.Y. 1995).....................................................4

New Jersey Boom and Erectors, Inc. v.
Iron Workers Locals 40, 361, & 417 Union Security Funds,
2001 WL 357087 (S.D.N.Y. 2001).....................................................6

New York's Health and Human Services Union, 1199/SEIU, AFL-CIO
v. NYU Hospitals Center 343 F.3d 117 (2d Cir. 2003).........................4

New York's Health and Human Services Union, 1199/SEIU, AFL-CIO
v. NYU Hospitals Center,
2003 WL 1475777 (S.D.N.Y. 2003) (J. Pauley)..................................5

Stotter Division of Graduate Plastics Company, Inc.
v. District 65, United Auto Workers, AFL-CIO,
991 F.2d 997 (2d Cir. 1993)............................................................7

Textile Workers Union of America v.
Lincoln Mills of Alabama
353 U.S. 448, 77 S. Ct 912, 1 L.Ed.2d 972 (1957)..................................4

The Lexington Children's Center v.
District Council 1707,
2004 WL 540475 (S.D.N.Y. 2004)..............................................7

Touton, S.A. v. Trader, 1999 WL 89709 (E.D. Pa. 1999)..................10

Triple A. Maintenance Corp. v. Bevona,
657 F. Supp 1171 (S.D.N.Y. 1987)..................................................3

United Steelworkers of America v.
Warrior & Gulf Navigation Co.,
363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409....................................3, 4, 5

Vittoria Corp. v.
New York Hotel and Motel Trades Council, AFL-CIO
30 F. Supp.2d 431 (S.D.N.Y. 1998)..............................................4, 5

**STATUTES**

Labor Management Relations Act, 29 U.S.C. §185.............................1, 3, 4

Employee Retirement Income Security
Act of 1974, 29 U.S.C. §§ 1132, 1145..............................................3

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants, New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, and New York City District Council of Carpenters Charity Fund, by their Trustees Michael J. Forde and Richard Harding, Jr., and the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, "the Benefit Funds"), in support of their motion (1) compelling plaintiff to submit to arbitration, (2) dismissing plaintiff's motion to remand and its motion for a permanent stay of arbitration in their entirety, and (3) awarding defendants attorneys' fees, costs and disbursements in connection with the defense of this action. As demonstrated below and as a matter of law, the Benefit Funds have established their entitlement to the relief requested pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## FACTS

As of December 2004, and since August 3, 1999, Tri-Built was a signatory of a collective bargaining agreement with the United Brotherhood of Carpenters and Joiners of America ("the UBCJA Agreement"). (Plaintiff's Answer to Counterclaim at ¶15, dated 2/9/05).

Pursuant to Article II of the UBCJA Agreement, Tri-Built agreed to make fringe benefit payments on behalf of its employees to the Benefit Funds in accordance with the collective bargaining agreement in the locality in which the work was performed. (UBCJA Agreement, annexed hereto as Exhibit "A" to Declaration of Gary Silverman, Esq.).

1

Pursuant to Article VI of the UBCJA Agreement, Tri-Built agreed to submit disputes for resolution in accordance with the grievance and arbitration procedures set forth in the applicable collective bargaining agreement in the locality in which the work is performed. (Id.)

The local area collective bargaining agreement to which Tri-Built is deemed signatory by reason of the UBCJA Agreement is known as the Independent Building Construction Agreement ("the Independent Agreement"). (Independent Agreement, excerpts annexed hereto as Exhibit "B" to Declaration of Gary Silverman, Esq.).

Pursuant to Article XV, Section 1 of the Independent Agreement, Tri-Built was required to make monetary contributions to the Benefits Funds for each hour worked by its covered employees. (Id.)

Pursuant to Article XV, Section 10 of the Independent Agreement, Tri-Built agreed to be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Benefit Funds. (Id.)

Pursuant to Article XV, Section 14 of the Independent Agreement, Tri-Built agreed that either party had the right to submit to arbitration disputes concerning payment of contributions to the Benefit Funds, and that, *inter alia*, the arbitrator had full and complete authority to decide all issues raised by the submission and that such arbitration award would be final and binding. (Id.)

In or about December 2004 a dispute arose between the parties concerning Tri-Built's failure to make all contributions to the Benefit Funds as required by the applicable collective bargaining agreements for work Tri-Built performed in the New York metropolitan area. (Plaintiff's Answer to Counterclaim at ¶22, dated 2/9/05; Defendants' Answer and Counterclaim at ¶22, dated 2/7/05).

By Notice dated December 22, 2004, the Benefit Funds served upon Tri-Built a Notice of Intention to Arbitrate. (See Exhibit "A" to Plaintiff's Petition, dated 1/10/05).

Tri-Built moved for a permanent stay of arbitration in New York State Supreme Court, New York County, which granted an ex parte order temporarily restraining the arbitration on January 12, 2005. (Order to Show Cause, Hon. Paul G. Feinman, dated 1/12/05).

Defendants removed the action to this Court by Notice of Removal dated January 19, 2005. This Court's jurisdiction was invoked pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, as well as Sections 502(a), (d), (e) and (g) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a),(d),(e) and (g) and Section 515 of ERISA, 29 U.S.C. §1145.

## POINT I

### REMOVAL OF TRI-BUILT'S STATE COURT ACTION TO STAY ARBITRATION WAS PROPER

The law in this district is well settled that state court proceedings seeking to stay arbitrations that arise under collective bargaining agreements may be removed to federal court. "Courts in this district have consistently upheld the removal of petitions to stay arbitrations of grievances under collective bargaining agreements . . .The reason for this policy is that federal law preempts state law on questions of arbitration pursuant to collective bargaining agreements. As a result, a petition to stay arbitration pursuant to a collective bargaining agreement necessarily arises under federal law . . ." Triple A. Maintenance Corp. v. Bevona, 657 F. Supp 1171, 1172 (S.D.N.Y 1987)(Holding, whether to stay arbitrations is a question that arises solely under the parties' collective bargaining agreement, and as such, it is a question that falls within this Court's jurisdiction under §301(a) of the LMRA). See also United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409

3

(1960)(By enacting §301 of the LMRA, Congress assigned the courts the duty of determining whether the reluctant party breached his promise to arbitrate).

Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, confers federal jurisdiction in the case at hand. This Court held in Vittoria Corp. v. New York Hotel and Motel Trades Council, AFL-CIO, 30 F. Supp.2d 431 (S.D.N.Y. 1998), that removal was proper under Section 301 of the LMRA because the action required the Court to construe a provision of a collective bargaining agreement. ("An action is deemed to 'arise under' Section 301 if the resolution of the claim requires the court to construe a provision of the collective bargaining agreement. . .Because this action is one that 'arises under' Section 301, it was properly removed to federal court." Vittoria, 30 F. Supp.2d at 434.)

Tri-Built calls upon this court to enjoin and restrain the Benefit Funds from proceeding with arbitration pursuant to the terms of a collective bargaining agreement between the parties. The resolution of Tri-Built's claim requires the Court to construe the grievance provision of a collective bargaining agreement. As such, the Benefit Funds' removal of Tri-Built's state court action was proper.

## POINT II

### ARBITRATION MUST BE COMPELLED

There is a presumption of arbitrability arising out of a collective bargaining agreement. See New York's Health and Human Services Union, 1199/SEIU, AFL-CIO v. NYU Hospitals Center, 343 F.3d 117 (2d Cir. 2003); Mic-Ron General Contractors, Inc. v. Trustees of the New York City District Council of Carpenters Benefit Funds, 908 F. Supp. 208, 211 (S.D.N.Y. 1995) citing United Steelworkers of America, 363 U.S. at 582, 80 S.Ct. at 1352-53, 4 L.Ed.2d 1409 (1960); Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct.

4

912 (1957). The Supreme Court and the Second Circuit have repeatedly held that a court's function is limited in a proceeding to stay arbitration, especially where the parties have agreed to a collective bargaining agreement containing a broad arbitration clause. See e.g. United Steelworkers of America, 363 U.S. at 582, 80 S.Ct. at 1353, 4 L.Ed.2d 1409 (1960); International Union of Elevator Constructors, AFL-CIO v. National Elevator Industry, Inc., 772 F.2d 10, 13 (2d Cir. 1985). In addition, a party seeking to overcome a presumption of arbitrability carries a heavy burden. International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. General Electric Co., 406 F.2d 1046, 1048 (2d Cir. 1968). All doubts should be resolved in favor of coverage. United Steelworkers of America, 363 U.S. at 583, 80 S.Ct. at 1353, 4 L.Ed.2d 1409 (1960).

This Court recently addressed the issue as to whether it may compel a party to a collective bargaining agreement to arbitrate a grievance. In Vittoria, supra, this Court undertook a two step inquiry in deciding whether arbitration should be compelled. First, this Court examined whether the party being compelled to arbitrate was in fact a signatory to the collective bargaining agreement. Second, this Court examined the scope of the arbitration clause to determine if it was a broad one governing "all disputes". Vittoria, 30 F.Supp.2d at 436. See also New York's Health and Human Services Union, 1199/SEIU, AFL-CIO v. NYU Hospitals Center, 2003 WL 1475777 (S.D.N.Y. 2003)(J. Pauley), affirmed 343 F.3d 117 (2d Cir. 2003)(In granting a union's motion for summary judgment to compel arbitration, this Court stated that: "(1) arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit; (2) the question of arbitrability is undeniably an issue for judicial determination; (3) the courts should not stray into the merits of the underlying grievance, even if it appears frivolous; and (4) a presumption of arbitrability arises from

5

collective bargaining agreements with broad arbitration clauses." Id. at *1.). See also, New Jersey Boom and Erectors, Inc., v. Iron Workers Locals 40, 361 &417 Union Security Funds, 2001 WL 357087 (S.D.N.Y. 2001)(dismissing employer's petition to stay arbitration of union's claim of delinquent benefit contributions).

Applying the Vittoria analytic framework to the case at bar compels the conclusion that:

### 1. Tri-Built is a Signatory to the Collective Bargaining Agreement.

There is no factual dispute as to whether Tri-Built was a signatory of a collective bargaining agreement with the United Brothers of Carpenters and Joiners of America ("CBA"). Tri-Built admits in its Answer to Counterclaim that it was a signatory of the CBA. (See Defendants' Answer and Counterclaim ¶ 15, dated 2/7/05; Plaintiff's Answer to Counterclaim ¶15, dated 2/9/05).

### 2. The Grievance / Arbitration Clause is a Broad One Governing All Disputes

Article XV of the CBA governs grievance procedure between the parties. It provides:

> "Section 1. All complaints, disputes and differences concerning the application, interpretation, effect, purpose or breach of any term or condition of this Agreement, or in the event there shall exist any claim, demand, dispute or controversy between the parties hereto, . . the parties hereto shall first attempt to settle and adjust such dispute, claim, demand or controversy by negotiation. Section 2. Any grievance not resolved shall be submitted to arbitration . . ."

Section 14 of Article XV of the CBA also governs grievance procedures with regard to payments to the Benefit Funds, providing:

> "Section 14. Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund or principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . ."

This grievance article of the CBA leaves no doubt that it is extremely broad and governs all disputes between the parties. Tri-Built does not assert in its state court pleadings that the Benefit Funds' claim of delinquent fringe benefit contributions falls outside the breadth of the arbitration provision. Rather, Tri-Built contends in its Petition to stay arbitration that arbitration is improper because the Benefit Funds first failed to negotiate their grievance as required by the CBA. In fact, reliance upon this defense reinforces the conclusion that the CBA governs, providing both jurisdiction and compelling arbitration.

Tri-Built's argument that the Benefit Funds first failed to negotiate their grievance is without merit. In The Lexington Children's Center v. District Council 1707, 2004 WL 540475 (S.D.N.Y 2004), the union removed the plaintiff's motion to stay arbitration, wherein the plaintiff argued that the union failed to comply with the grievance procedures of the collective bargaining agreement. The court dismissed the employer's argument that this alleged failure warranted a stay, stating that arbitration should not be stayed or enjoined based upon possible flaws in the parties' adherence to grievance procedures in the collective bargaining agreement. The Court left the decision as to the union's non-compliance with the procedural requirements of the collective bargaining agreement for the arbitrators to determine. Id. at *7, 8.

"Courts have consistently ruled that it is the arbitrators' role to determine parties' compliance with the grievance and arbitration procedures established by a collective bargaining agreement." Id. citing (among others) Stotter Division of Graduate Plastics Company, Inc. v. District 65, United Auto Workers, AFL-CIO, 991 F.2d 997, 1001 (2d Cir. 1993)(holding resolution of the parties' dispute over proper procedure for objecting to arbitration is a matter for the arbitrator, not the court); DeWitt Nursing Home v. Local 144, 1997 WL 166485, *1 (S.D.N.Y. 1997)(stating, "dismissal of the petition to stay the arbitration is proper because

7

whether respondent is barred from arbitrating the grievance is a matter of procedural arbitrability for the arbitrator, and not the court, to decide.").

As Tri-Built is a signatory to the CBA that contains a broad arbitration provision governing all disputes, this Court's two-step inquiry in Vittoria is satisfied. Any dispute raised by Tri-Built as to the Benefit Funds' alleged failure to negotiate prior to initiating arbitration is a matter for an arbitrator to decide, not this Court. The above authority requires this Court to compel Tri-Built to arbitrate the Benefit Funds' grievance.

## POINT III

## BENEFIT FUNDS' STATE COURT FRAUD ACTION AGAINST INDIVIDUALS DOES NOT PRECLUDE ARBITRATION IN SEPARATE PROCEEDING

On December 20, 2004, the Benefit Funds filed a state court action alleging fraud on the part of Patrick Noel McCaul and Dermott McGonnell for intentionally engaging in a scheme to evade making fringe benefit contributions to the Benefit Funds as required by the CBA.

A state court action for fraud against individuals does not preclude the Benefit Funds' right to compel arbitration in a separate proceeding against the corporation. The New York State Court of Appeals reached such a decision in Denihan v. Denihan, 34 N.Y.2d 307, 313 N.E.2d 759, 357 N.Y.S.2d 454 (1974), a proceeding to stay arbitration of disputes between shareholders of a close corporation. The court was called upon to determine whether the respondent, by commencing several actions against other parties to a shareholders' agreement, waived his right to arbitrate different issues arising under the same agreement. The Court of Appeals held that "as to the claims sought to be redressed in judicial proceedings, there can be no question but that the respondent has waived his rights to arbitrate. But as to claims *separate and distinct*, no waiver of arbitration may be implied from the fact that resort has been made to the courts on

8

other claims arising under a common agreement which remains in full force and effect." Denihan, 34 N.Y.2d at 310(emphasis added)(citations omitted).

    Not only are the claims at issue in this matter separate and distinct, the parties are as well. The Benefit Funds' state court action was filed against two individuals for fraudulently and intentionally engaging in a scheme to avoid making fringe benefit contributions to the Benefit Funds. The Notice of Intention to Arbitrate was served on Tri-Built Construction, Inc. for delinquent fringe benefit contributions under the CBA between the parties. The issues are separate and distinct; the state court action is for fraud, the arbitration concerns delinquent benefit contributions. The parties are separate and distinct; the state court action is against two individuals, the arbitration is against Tri-Built. In accordance with Denihan, the Benefit Funds did not waive their right of arbitration against Tri-Built by commencing a separate and distinct state court action against executives of Tri-Built.

    Furthermore, while issues raised in arbitration between the Benefit Funds' and Tri-Built might touch upon issues raised in the Benefit Funds' state court action against the individuals, "this Court lacks the discretion to stay arbitration, even if a stay would avoid inconsistent verdicts or piecemeal adjudication." Lippus v. Dahlgren Mfg. Co., 644 F. Supp. 1473, 1481 (E.D.N.Y. 1986). See also First Fidelity Bancorporation v. Nat'l Union Fire Insurance Co. of Pittsburgh, 1990 WL 167642 (E.D.Pa. 1990)(court refused to halt arbitration pending litigation of defendant's subrogation claim because the possibility of inconsistent rulings and the potential for duplicative or piecemeal litigation is not sufficiently compelling to enjoin arbitration). See also, Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 225, 105 S.Ct. 1238, 1245, 84 L.Ed.2d 158 (1985)(holding that simultaneous proceedings in arbitration and court dealing with same case is no ground to stay arbitration). "The strong federal policy favoring arbitration and

9

requiring rigorous enforcement of arbitration agreements would be significantly undermined if the pendancy of a simultaneous court action was enough to preclude such a proceeding from going forward. Touton, S.A. v. Trader, 1999 WL 89709, *4 (E.D.Pa. 1999) citing Dean Witter Reynolds, Inc., 470 U.S. at 226 (1987); First Fidelity Bancorporation, 1990 WL 167642, *5.

Accordingly, the Benefit Funds' state court fraud action against Patrick Noel McCaul and Dermott McGonnell does not preclude the Benefit Funds' from arbitrating a grievance for delinquent contributions against Tri-Built pursuant to the grievance provisions of a collective bargaining agreement.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court:

a) Dismiss plaintiff's petition in its entirety;

b) compel plaintiff to submit to arbitration;

c) award defendants attorneys' fees, costs and disbursements in connection with the defense of this action and the counterclaim to compel; and

d) grant such other and further relief as the Court deems proper and just.


Dated:   New York, New York
         March 18, 2005

                                    Respectfully submitted,

                                    O'DWYER & BERNSTIEN, LLP


                              By:   _____
                                    GARY SILVERMAN (GS 9287)
                                    Attorneys for Defendants
                                    52 Duane Street, 5th Floor
                                    New York, New York 10007
                                    (212) 571-7100

10